IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 23-2047

———

**MELVIN TRENT WALKER,**

Appellant

v.

**PENNSYLVANIA OFFICE OF ADMINISTRATION; MICHAEL NEWSOME; PENNSYLVANIA DEPARTMENT OF TRANSPORTATION; YASSMIN GRAMIAN**

———

**BRIEF FOR APPELLEES**

———

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
ENTERED MAY 9, 2023

MICHELLE A. HENRY
*Attorney General*

BY:   HOWARD G. HOPKIRK
*Senior Deputy Attorney General*

Office of Attorney General
15th Floor, Strawberry Square       J. BART DELONE
Harrisburg, PA 17120                *Chief Deputy Attorney General*
Phone: (717) 783-1478               *Chief, Appellate Litigation Section*
FAX:   (717) 772-4526

DATE: August 14, 2023

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF JURISDICTION ....................................................................... 1

STATEMENT OF ISSUES ..................................................................................... 2

STATEMENT OF THE CASE ................................................................................ 3

STATEMENT OF FACTS ...................................................................................... 5

STATEMENT OF RELATED CASES ................................................................... 6

SUMMARY OF ARGUMENT ............................................................................... 7

ARGUMENT ........................................................................................................... 8

   I. WALKER'S COMPLAINT WAS PROPERLY DISMISSED WHERE HE FAILED TO SERVE THE OFFICE OF ATTORNEY GENERAL AS REQUIRED BY FED.R.CIV.P. 4(J)(2) .................................................. 8

CONCLUSION ..................................................................................................... 14

CERTIFICATTE OF COUNSEL

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bolden v. City of Topeka, Kansas*,
   441 F.3d 1129 (10th Cir. 2006) ..................................................................10

*Boley v. Kaymark*,
   123 F.3d 756 (3d Cir. 1997)........................................................................11

*Braxton v. United States*,
   817 F.2d 238 (3d Cir. 1987)........................................................................12

*Cain v. Abraxas*,
   209 F. App'x 94 (3d Cir. 2006)...................................................................12

*Felicetty-Stamm v. Sec'y Dep't of Homeland Sec.*,
   558 F. App'x 189 (3d Cir. 2014) ................................................................12

*Group, Ltd v. Starr Media Sales, Inc.*,
   988 F.2d 476 (3d Cir. 1993)..........................................................................8

*McCurdy v. American Bd. of Plastic Surgery*,
   157 F.3d 191 (3d Cir. 1998)........................................................................13

*MCI Telecommunications Corp. v. Teleconcepts, Inc.*,
   71 F.3d 1086 (3d Cir. 1995)........................................................................11

*Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*,
   484 U.S. 97 (1987).......................................................................................8

*Petrucelli v. Bohringer and Ratzinger*,
   46 F.3d 1298 (3d Cir. 1995) ....................................................................8,11

*Tuke v. United States*,
   76 F.3d 155 (7th Cir. 1996).........................................................................12

*Umbenhauer v. Woog*,
  969 F.2d 25 (3d Cir. 1992) ................................................................................ 11

*Walker v. PennDOT*, 1:22-cv-01360 (M.D. Pa.) ............................................. 5,6,12

*Walker v. PennDOT*, 1:22-cv-01361 (M.D. Pa.) ............................................. 5,6,12

**Statutes**

28 U.S.C. § 1291 ........................................................................................................ 1
28 U.S.C. § 1331 ........................................................................................................ 1
Title VII of the Civil Rights Act of 1964 ("Title VII"),
  42 U.S.C. § 2000e *et seq* ..................................................................................... 1,3
42 U.S.C. § 2000e-5(f) .............................................................................................. 1

Age Discrimination in Employment Act ("ADEA") of 1967,
  29 U.S.C. §§ 621-634. .......................................................................................... 1,3
42 Pa. C.S. § 8523 ...................................................................................................... 9
Title VII of the Civil Rights Act of 1964 ("Title VII"),
  42 U.S.C. § 2000e *et seq* ..................................................................................... 1,3
42 U.S.C. § 2000e-5(f) .............................................................................................. 1

**Rules**

Fed. R. App. P. 1 ...................................................................................................... 13
Fed.R.Civ.P. 4 ........................................................................................ 2,4,8,9,10,11,12
Fed.R.Civ.P. 12(b)(5) ............................................................................................. 2,4
Pa.R.C.P. 422a ............................................................................................................ 9

**Regulations**

37 Pa. Code § 111.1 .................................................................................................. 9

**Other Authority**

2 MOORE'S FEDERAL PRACTICE § 12.33[1] ...................................................... 9

## STATEMENT OF JURISDICTION

This is a civil rights action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621-634. The district court had subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

This appeal is from a final order, over which this Court has jurisdiction by virtue of 28 U.S.C. § 1291. The district court's order was entered on May 9, 2023. The notice of appeal was filed on June 6, 2023.

## STATEMENT OF ISSUES

**I.  Whether the district court correctly determined that Walker's complaint should be dismissed pursuant to Fed.R.Civ.P 12(b)(5) where he failed to serve the Pennsylvania Office of Attorney General in an action against a state agency as required by Fed.R.Civ.P. 4(j)(2).**

The Pennsylvania Office of Administration; Michael Newsome; the Pennsylvania Department of Transportation; and Yassmin Gramian raised this issue in their motion to dismiss the amended complaint and supporting brief. (Motion to Dismiss, 4/18/23 (Doc. 13) (Brief in support of motion to dismiss, 4/18/23 (Doc. 14)).  By an order dated May 9, 2023, the district court, adopting the reasoning presented by the OA and PennDOT in their motion to dismiss for failure to properly serve process as required by Fed. R. Civ. P. 12(b)(5), granted their motion.  (Order (Doc. 22))

## STATEMENT OF THE CASE

Melvin Walker commenced the present action by filing a complaint (Doc. 1) in the District Court for the Middle District of Pennsylvania on December 29, 2022. He filed an amended complaint on January 20, 2023. (Doc. 6)  Walker is black, Jewish, and over forty years old. (Doc. 1 at 3)  He alleged that his rights had been violated based on his race and religion under Title VII and his age under the Age Discrimination in Employment Act ("ADEA"). (Doc. 1 at 1) The named defendants were the Pennsylvania Office of Administration ("OA") and its Secretary Michael Newsome (collectively "OA."); and the Pennsylvania Department of Transportation ("PennDOT") and its Secretary Yassmin Gramian (collectively "PennDOT").

Walker was employed by PennDOT as an Engineering Technician beginning in at least 2004.  In a long and disorganized narrative, Walker outlines his employment history with PennDOT and sets forth the many alleged violations of his rights under the civil service system. He alleges that he was often unfairly denied promotions, disciplined, and not awarded the full benefits he was entitled to for positions he did have.  In addition to the actions taken against him by PennDOT, Walker alleges that OA used arbitrary grading methods in violation of the Pennsylvania Civil Service Act.  The crux of his claims here was that the Civil

Service Rules were not followed in a non-discriminatory manner. (Amended Complaint at 1-16)

OA and PennDOT filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) which requires that the service of a state agency must also include service of the Office of Attorney General. (Motion to Dismiss, 4/18/23 (Doc. 13) (*See also* Brief in support of motion to dismiss, 4/18/23 (Doc. 14)). Walker filed a brief in opposition in which he maintained that the attorney general did not have to be served because he was not a party. (Motion in Opposition to Dismiss, 4/24/23 (Doc. 16)).

By an order dated May 9, 2023, the district court granted the OA's and PennDOT's motion to dismiss for failure to properly serve process as required by Fed. R. Civ. P. 12(b)(5). (Order (Doc. 22)) Walker filed a notice of appeal on June 6, 2023. (Doc. 29)

## STATEMENT OF FACTS

On January 20, 2023 Walker filed the service documents in this case. (Doc. 5.) The service documents include the purportedly completed summons for this matter. According to the service documents, the summons was served on January 19, 2023 on individuals designated by law to accept service of process on behalf of PennDOT and OA. (*Id*. at 1, 7-8.)

On January 31, 2023, the district court issued an Order to Walker in two related cases filed by him (*Walker v. PennDOT*,1:22-cv-01360 (M.D. Pa.) and (*Walker v. PennDOT*, 1:22-cv-01361 (M.D. Pa.)), to Show Cause within 30 days as to why the actions should not be dismissed for failure to timely effect service. (1:22-cv-01360 at Doc. 49; 1:22-cv-01361 at Doc. 55.) Walker failed to serve the office of attorney general within the prescribed time period. Likewise, Walker has never served the office of attorney general (OAG) in the present matter.

## STATEMENT OF RELATED CASES

This case has not previously been before the Court. It is related to two lawsuits brought by Walker against PennDOT, docketed in the Middle District of Pennsylvania: *Walker v. PennDOT*, 1:22-CV-01360 (M.D. Pa.) and *Walker v. PennDOT*, 1:22-CV-03161 (M.D. Pa.).

## SUMMARY OF ARGUMENT

Melvin Walker in this lawsuit named the Pennsylvania Office of Administration, PennDOT and their Secretaries as defendants. Pursuant to Fed.R.Civ. P. 4(j)(2) and Pa.R.C.P. 422(a), Walker was required to serve not only the named defendants but also the Pennsylvania office of attorney general. Despite clear warning in this and other cases that this is the necessary procedure, Walker has continued to insist that he is not required to serve the office of attorney general. Given the clear notice given to Walker that his service was deficient, the district court acted properly in dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(5).

Accordingly, the decision of the district court should be affirmed.

# ARGUMENT

I. **WALKER'S COMPLAINT WAS PROPERLY DISMISSED WHERE HE FAILED TO SERVE THE OFFICE OF ATTORNEY GENERAL AS REQUIRED BY FED.R.CIV.P. 4(J)(2).**

*Standard of Review*: **The Court exercises plenary review over questions regarding the propriety of service under Fed.R.Civ.P. 4. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1303-1304 (3d Cir. 1995).**

In order to exercise personal jurisdiction over a defendant, a federal court must be satisfied that the procedural requirements of service of summons have been met. *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104 (1987). Rule 4 of the Federal Rules of Civil Procedure provides the necessary framework for properly serving a summons and complaint. A defendant may move to dismiss a complaint for "insufficient service of process" under Fed.R.Civ.P. 12(b)(5) where a plaintiff fails to comply with the requirements of Rule 4. See *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1303-1304 (3d Cir. 1995).

Upon the defendant asserting a challenge to proper service pursuant to Rule 12(b)(5), the plaintiff has the burden of establishing the validity of service. *Group, Ltd. v. Star Media Sales, Inc*., 988 F.2d 476, 488 (3d Cir. 1993). However, the defendant must state its objections with specificity and must identify the manner in

which the plaintiff failed to satisfy the service requirements. 2 MOORE'S FEDERAL PRACTICE § 12.33[1].

### 1. Walker failed to properly serve the State Agency Defendants.

Pursuant to Fed.R.Civ.P. 4(j)(2), a state agency must be served either by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed.R.Civ.P. 4(j)(2).

Pennsylvania Rule of Civil Procedure 422(a) sets forth the process by which original service may be effectuated on Commonwealth defendants as follows. "Service of original process upon . . . a department, board, commission or instrumentality of the Commonwealth, or a member thereof, shall be made at the office of the defendant and **the office of the attorney general** by handing a copy to the person in charge thereof." Pa. R.C.P. 422(a) (emphasis added); see also 42 Pa. C.S. § 8523(b) ("Service of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued and at **the office of the Attorney General.**") (emphasis added); 37 Pa. Code § 111.1 (designating both the Department's Office of Chief Counsel and **the Office of Attorney General** as the proper entities to accept service) emphasis added).

9

In this case, Walker has not complied with the service requirements of Rule 4(j)(2). According to the service documents he filed in this case, he served the summons on administrative staff for the Office of Chief Counsels for PennDOT and OA. (Doc. 5.) He has not personally served either the Secretary of Transportation or the Secretary of Administration under Rule 4(j)(2)(A). Rather than personally serving the two Secretaries, the proof of service sheets indicate that service was made on an individual "designated by law to accept service on behalf of" the agencies. (Doc. 5 at 1, 7-8.) Walker has simply not effectuated proper service under Rule 4(j)(2)(B) as he has only served the Office of Chief Counsel for PennDOT and OA, but not served the Office of Attorney General as required by Pennsylvania law.  Accordingly, none of the named defendants were properly served in this matter.

### 2. This matter was properly dismissed as Walker could not show good cause for his failure to serve the named defendants.

Pursuant to Fed.R.Civ.P. 4(m), a plaintiff has 90 days to serve a defendant after filing the Complaint. Filing "an amended complaint does not restart the 90-day period." *See Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1148 (10th Cir. 2006)). Walker filed the Complaint on December 29, 2022; the 90-day period expired on March 29, 2023.

If service is not made within that 90-day deadline, the district court must dismiss the action without prejudice against any defendant not served or, in its

discretion, order that service be made within a specified time. Fed. R. Civ. P. 4(m). The district court must extend the time for service only upon good cause shown by the plaintiff. *Id.*

The determination whether to extend time involves a two-step inquiry. The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (internal citations omitted). A district court possesses broad discretion in this analysis. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). In determining whether good cause exists, courts consider three factors: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Furthermore, "while the prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* A district court may not consider the running of the statute of limitations as part of its good cause analysis. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995).

Courts have found good cause lacking where a plaintiff attempted service at an incorrect address, and did not attempt to serve at the correct address until over three months after it learned of the mistake. *Id.* Similarly, an "unexplained delinquency on the part of the process server" cannot establish good cause. *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987). Furthermore, a pro se litigant's apparent failure to read or understand Rule 4 does not provide good cause for lack of proper service. *Felicetty-Stamm v. Sec'y Dep't of Homeland Sec.*, 558 F. App'x 189, 191 (3d Cir. 2014) (citing *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996)).

A defendant is "not obligated under Rule 4 to disclose how to effect service of process upon it." *Cain v. Abraxas*, 209 F. App'x 94, 96-97 (3d Cir. 2006). However, the district court had previously informed Walker the manner in which he may effectuate service on a Commonwealth agency in two related cases. (1:22-cv-01360, Doc. 48; 1:22-cv-01361, Doc. 54.) Those orders, both dated December 30, 2022, well before Walker attempted service in this matter, explained that service of a Commonwealth agency "requires hand-delivery of copies of the summons and complaint to the person in charge of PennDOT's Office of Chief Counsel and the person in charge of the Torts Litigation Unit of the Office of the Attorney General." (*Id.* at 3 (emphasis in original)). As of December 30, 2022, Walker was aware of the proper manner for serving a Commonwealth agency. The

12

district court acted correctly in dismissing the amended complaint for Walker's failure to effectuate service in this matter.

It is unreasonable for Walker to continue to maintain he has properly served the defendants when he ignored the district court's orders on service. There is no good cause for Walker's inability or unwillingness to comply with the requirement to properly serve defendants in this matter. They would be prejudiced by granting Walker's appeal given his refusal to comply with the basic rules of civil procedure.

The Federal Rules of Civil Procedre provide that they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 Justice "requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998). Walker's disregard for the district court's orders should not be rewarded by an extension of the time period to effect service. Instead, the district court's decision should be affirmed.

## CONCLUSION

For these reasons, the Court should affirm the judgment of the district court.

                Respectfully submitted,

                MICHELLE A. HENRY
                Attorney General

By:   /s/ Howard G. Hopkirk
       HOWARD G. HOPKIRK
       Senior Deputy Attorney General
       Bar No. 74264 (Pa.)

       J. BART DeLONE
       Chief Deputy Attorney General
       Chief, Appellate Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 783-1478
FAX:  (717) 772-4526

DATE: August 14, 2023

14

## CERTIFICATE OF COUNSEL

I, Howard G. Hopkirk, Senior Deputy Attorney General, hereby certify as follows:

1. That I am a member of the bar of this Court.

2. That the text of the electronic version of this brief is identical to the text of the paper copies.

3. That a virus detection program was run on the file and no virus was detected.

/s/ Howard G. Hopkirk

HOWARD G. HOPKIRK
Senior Deputy Attorney General

## CERTIFICATE OF SERVICE

I, Howard G. Hopkirk, Senior Deputy Attorney General, do hereby certify that I have this day served the foregoing Brief For Appellees, by depositing two copies of the same in the United States mail, first class, postage prepaid, on the following:

>Melvin Trent Walker
>2024 Chestnut Street
>Harrisburg, PA  17104
>
>Pro Se Appellant

Seven copies were also sent by first class mail to the Clerk of the United States Court of Appeals for the Third Circuit in Philadelphia, Pennsylvania.

>/s/ Howard G. Hopkirk
>
>─────────────────────────
>HOWARD G. HOPKIRK
>Senior Deputy Attorney General

DATE: August 14, 2023