NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2047
_____

MELVIN TRENT WALKER,
　　　　　　　　　Appellant

v.

PENNSYLVANIA OFFICE OF ADMINISTRATION;
MICHAEL NEWSOME; PENNSYLVANIA DEPARTMENT
OF TRANSPORTATION; YASSMIN GRAMIAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-02065)
Magistrate Judge: Honorable Joseph F. Saporito, Jr. (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2023
Before: KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed November 27, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Melvin Walker filed a federal employment discrimination lawsuit against two Pennsylvania state agencies and their former chief executives. The District Court dismissed the complaint, holding that Walker failed to serve process on the defendants as required by law. We agree and will affirm.

I.

Melvin Walker has worked for the Pennsylvania Department of Transportation (PennDOT) for almost 20 years. He is Black, Jewish, and over 40 years old. In January 2023, Walker filed a federal lawsuit against PennDOT, the Pennsylvania Governor's Office of Administration (OA), and the former Secretaries of both agencies.[1] His amended complaint—one of several related actions that he has filed[2]—alleges that PennDOT has denied him job opportunities, improperly disciplined him, and failed to provide him with full job benefits. He alleges that the OA has applied Pennsylvania's civil-service employment rules against him in a discriminatory way. And he alleges that the agencies did this based on some combination of his race, religion, and age, violating federal antidiscrimination laws.

Using a private process server, Walker had the complaint and summons served on each agency's Office of Chief Counsel. The defendants then moved to dismiss the case

---

[1] Defendants Yasmeen Gramian and Michael Newsome were formerly the Secretaries of PennDOT and the OA, respectively. However, Walker has requested that the former Secretaries be stricken as parties, see C.A.3 ECF No. 7 at 6; M.D. Pa. ECF No. 16 at 4–5, so we will not discuss them further here.

[2] See Walker v. Wolf, Civ. No. 1:22-cv-01360 (M.D. Pa.); Walker v. Pa. Dep't of Transp., Civ. No. 1:22-cv-01361 (M.D. Pa.).

under Federal Rule of Civil Procedure 12(b)(5), arguing that serving an agency's Office of Chief Counsel is insufficient to meet the service-of-process requirements of the Federal Rules. The District Court issued a brief order adopting the defendants' arguments by reference and granting the motion. Walker appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291. See Umbenhauer v. Woog, 969 F.2d 25, 30 n.6 (3d Cir. 1992); see generally Doe v. Hesketh, 828 F.3d 159, 165–66 (3d Cir. 2016). We review de novo the District Court's holding that Walker did not serve the defendants properly. Umbenhauer, 969 F.2d at 28. We review for abuse of discretion the District Court's decision to dismiss the complaint on that basis. Id. We may affirm on any ground supported by the record. Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 751 (3d Cir. 2019).

III.

Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff who sues a state agency in federal court has two options for service of process: a federal method and a state method. See Fed. R. Civ. P. 4(j)(2). To satisfy the federal method, the plaintiff must deliver a summons and a copy of the complaint to the agency's chief executive officer. To satisfy the state method, the plaintiff must serve the agency in the manner authorized by that state's law. See Fed. R. Civ. P. 4(j)(2)(A)-(B).[3]

---

[3] The fact that the defendants have actual notice does not excuse Walker from properly serving them under Rule 4. Grand Ent. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993). Proper service is also a prerequisite to personal jurisdiction. Id.

Walker has not served the agencies properly under either method. Pennsylvania law required him to serve both the agencies and the Pennsylvania Office of Attorney General, 42 Pa. Cons. Stat. § 8523(b), and he has not served the Attorney General.[4] Nor has he served either agency's "chief executive officer"; he served only the Office of Chief Counsel. See Luke v. Texas, 46 F.4th 301, 307 (5th Cir. 2022); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1109 (4th ed. 2023 update). So, he has not satisfied either prong of Rule 4(j)(2) and has not served any of the defendants properly.

Finally, the District Court did not abuse its discretion in dismissing the complaint due to the defective service. Walker has filed three related cases, all alleging similar claims. Despite the District Court's explicit instructions on proper service and numerous extensions of time to do so, Walker has not successfully served any of the defendants. See, e.g., Order, Walker v. Wolf, No. 1:22-cv-01360 (M.D. Pa. Dec. 30, 2022), ECF No. 48 at 2–3 (instructing Walker to serve the chief executive of PennDOT personally under Rule 4(j)(2)(A) or both the Office of Chief Counsel and "the person in charge of the Torts Litigation Unit of the Office of the Attorney General" under Rule 4(j)(2)(B)). The District Court's decision to dismiss the complaint was within its discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).

---

[4] Walker sent a copy of the service papers to the Office of Attorney General in one of his prior cases. But he did so via certified mail, which—as we confirmed to him then—is not an acceptable method of serving process under either prong of Rule 4(j)(2). See Walker v. Pa. Dep't of Transp., 812 F. App'x 93, 94–95 & n.4 (3d Cir. 2020) (per curiam) (non-precedential).

IV.

For these reasons, we will affirm the judgment of the District Court.