# U.S. Court Of Appeals, Third Circuit

| | |
|---|---|
| MELVIN TRENT WALKER, | Case No. Court of Appeals Docket #: 23-2047 |
| Plaintiff, | |
| vs. | Nature of Suit 440 Civil Rights – Other Civil Rights |
| Pennsylvania Office of Administration, et al | |
| Defendant | 42:2000e Job Discrimination (Employment) Retaliation, Age Discrimination, Hostile Work Environment, Color, Race, Gender |
| | |
| | 42-1981 Retaliation Harassment Hostile Work Enviro |
| | |
| | 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42U.S.C. 12117, 42 U.S.C. 2000ff-6 |

## Motion for en banc rehearing

I Melvin-Trent;Walker;El, a citizen of the several states.

Request a rehearing if it pleases the court. For the reconsideration of abuse of discretion. By the District court.

I'm also bringing to the Appellate Court's attention. It may have just affirmed a Precedent. If the appellate court agrees that service be made under both 4(j)(2)(A), and 4(j)(2)(B).

I am not appealing that service wasn't made under 4(j)(2)(B). I believe the Magistrate judge was correct.

I am appealing the Grant for dismissal.

1:22-cv-02065-JFS On the date of 05/09/2023 #22 ORDER granting #13 Motion to Dismiss Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/9/23 (ms) (Entered: 05/09/2023)

MOTION FOR EN BANC REHEARING CASE# 23-2047 - 1

1. The Magistrate judge with his ruling didn't address service under 4(j)(2)(A).

2. What about service on the Executive?

3. In this case. The record shows service was made on 01/20/2023 entry #5 SUMMONS Returned Executed by Melvin Trent Walker. Yassmin Gramian served on 1/19/2023, answer due 2/9/2023; Michael Newsome served on 1/19/2023, answer due 2/9/2023; PA Department of Transportation served on 1/19/2023, answer due 2/9/2023; PA Office of Administration served on 1/19/2023, answer due 2/9/2023. (aaa) (Entered: 01/20/2023)

PER CURIAM the Appellate judge wrote an opinion, and refers to an associated case. Not this case. From which this appeal arose, case number 1-22-cv-02065. The opinion reads.

"Despite the District Court's explicit instructions on proper service and numerous extensions of time to do so, Walker has not successfully served any of the defendants." See, e.g., Order, Walker v. Wolf, No. 1:22-cv-01360 (M.D. Pa. Dec. 30, 2022), ECF No. 48 at 2–3 (instructing Walker to serve the chief executive of PennDOT personally under Rule 4(j)(2)(A) or both the Office of Chief Counsel and "the person in charge of the Torts Litigation Unit of the Office of the Attorney General" under Rule 4(j)(2)(B).

The case law used by the defendants to support their opinion, uses semantics. (Definitions below)

Semantics in American English - 3. the meaning, or an interpretation of the meaning, of a word, sign, sentence, etc

Semantics in British English - c. (of a formal theory) the principles that determine the truth or falsehood of sentences within the theory, and the references of its terms.

When the case law used by the defendants uses semantics. Should the plaintiff be allowed the same. I ask the court when we talk about job titles. Does the word "Executive" mean the word "Executive"? For example: Miss Caroll Donahoe's job Title reads "Legal Office Administrator 2 OGC (Office of General Council) – EX (Executive) OA Lgl Ofc.

MOTION FOR EN BANC REHEARING CASE# 23-2047 - 2

On the date of 11/07/2023 #11 Document titled Notice of Testimony filed by Appellant Melvin Trent Walker. Can support the above statement. And the District court record has a duplicate. But the entry by the district court reads something totally different than the brief title.   1:22-cv-02065-JFS On 11/03/2023 #35 AFFIDAVIT of Service for Summons and Complaint. (This is Not what the brief reads)

Do the words "General Council" read the same as "Chief Council"? No.

Does the word Executive mean Executive? In this cases context, yes.

I chose to serve the defendants under 4(j)(2)(A). On the Executive. I ask the court not to skip over this Service of the Summons and Complaint made by the Process Server. Ms. Stella Bowman. Isn't this affidavit sufficient to satisfy 4(j)(2)(A)? I believe Yes.

There are multiple false statement on the record. That keep repeating, perpetuating a false narrative. "neither 4(j)(2)(A), or 4(j)(2)(B) has been satisfied." On the Office of Administration, or the Department of Transportation.

I am asking the full court opinion was the Executive served? When Ms. Donahoe, accepted service for the Executive for the Office of Admin. And is this abuse of discretion if both possibilities are not fully evaluated.

In this case I only served the defendants once. By private process server. I was not given a second chance to perfect service. Or

 Ordered TO SHOW CAUSE for failure to timely effect service per Rule 4(m). Or the case will be dismissed.

Not in this case. The defendant's Motion was granted to Dismiss. Federal Rule of Civil Procedure 12(b)(5), arguing that serving an agency's Office of Chief Counsel is insufficient to meet the service-of-process requirements of the Federal Rules.

This case should not be confused with any associated cases. I ask focus be on this court record. And instructions by the judge be limited to each record specifically. I was not given any instructions in this case. All though It would be wise for me to consider those instructions from separate cases, and case law.

MOTION FOR EN BANC REHEARING CASE# 23-2047 - 3

Should the Appeals Court Affirm in part that The PA Department of Transportation was not served under 4(j)(2)(A), or 4(j)(2)(B). Since I didn't comment on the semantics of the name, job title, or duties of the person served. Or support through affidavit. Maybe the PA Department of Transportation wasn't served by either 4(j)(2)(A) or 4(j)(2)(B).

I believe the private process server should be given the benefit of the doubt. That the Executive for the Office of Admin. was served. Because Ms. Donahoe has the word "Executive" in her job title. And the words "Office of General Council", is not the same as "Office of Chief Council".

Is it an Abuse of Discretion? Can the defense be allowed to use semantics, but the Plaintiff can not? Yes.

Are there a portion of the total affidavits presented to the court being disregarded in this case? Yes
Those portions are the ones that read Executive. Is this an abuse of Discretion? Yes

The Appeals court noted.
"We may affirm on any ground supported by the record. Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 751 (3d Cir. 2019).

I ask the Appeals court. Should it support any ground on the record to affirm dismissal? In favor of the District Court's decision? No.
Does this mean anything on the record? Or anything that is correct on the record, and its application, and interpretation of 4(j)(2)? Or the lack of application? Notice part of the record. Ignore other parts of the record.
With all due respect your Honors. Isn't it the duty of the court to watch out for any stealthy encroachment of the citizens rights, to fair trial? Yes

I the plaintiff, out of 36 total entries, on record. Have not been granted one Motion in this case.

MOTION FOR EN BANC REHEARING CASE# 23-2047 - 4

Only the clerk of court gave me the benefit of the doubt, and put the dates in when service was made, on the Executive. Or any of the defendants.

Has the District Court judge abused his discretion, when granting the defendants attorneys motion to dismiss? I believe yes.

Trinsey v. Pagliaro 229 F. Supp. 647 (E.D. Pa. 1964)

In Trinsey, the court stated that "[s]tatements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."

This is an example of abuse of Discretion by the District Court.

My prayer for relief is that this case be remanded back to the District court. Rule at least the Office of Admin.'s Executive was served. After review of all the affidavits. Because, I addressed the semantics used in the case law provided. "Executive means Executive. And The Office of General Council, is not read the same as The Office of Chief Council." In regards to persons served. This case does split hairs. But I know it must be done. On a case-by-case basis. And the dismissal was only based on 4(j)(2)(B).

If all the Appeals Court's Honors don't agree unanimously. I hope that giving the citizen's service processor the benefit of the doubt. Is a decision in my favor. If the Appeals Court affirms the District Courts decision. I think the message sent is that both 4(j)(2)(A) and 4(j)(2)(B) must be satisfied. And a Precedent is set.

Memorandum of Laws

16AM Jurisprudence Constitutional Law Section 97. ...That a constitution should receive a liberal interpretation in favor of the citizen is especially true with respect to those provisions which were designed to safeguard the liberty and security of the citizen in regard to both person and property.

See note 31: Byars v. United States :: 273 U.S. 28 And a constitutional provision intended to confer a benefit should be liberally construed in favor of the clearly intended expressly designated beneficiary see note 32 Dejammer v

MOTION FOR EN BANC REHEARING CASE# 23-2047 - 5

1. Hoskill 30 of Albany. Similarly a provision intended to afford a remedy to those who have just claim should receive a beneficial construction for the purpose of extending the remedy to all who might fairly come within the meaning of the terms. See note 33: Ryder v. Fritchey, 49 Ohio St. 285.

Byars v. United States :: 273 U.S. 28 (1927)

3. Constitutional provisions for the security of person and property are to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." P. 273 U. S. 32.

_By: [signature]_
Declarant; Pro Se Dated this day 11, of December, 2023.

MOTION FOR EN BANC REHEARING CASE# 23-2047 - 6

"I, (Melvin Trent Walker El), do hereby certify that a true and correct copy of the foregoing (Motion for En banc Retrial) has been mailed to (PA Secretary of Transportation) by placing the same in the U.S. mail, properly addressed, this (11th day) of (December), (2023 year).

_By Melvin-Trent:Walker:El_ (Signature)"

"I, (Melvin Trent Walker El), do hereby certify that a true and correct copy of the foregoing (Motion for En banc Retrial) has been mailed to (PA Office of Admin.) by placing the same in the U.S. mail, properly addressed, this (11th day) of (December), (2023 year).

_By: Melvin Trent Walker: El_ (Signature)"

**Federal Rules of Appellate Procedure Form 6. Certificate of Compliance With Type-Volume Limit**

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with [the type-volume limit of Fed. R. App. P. [*insert Rule citation; e.g., 32(a)(7)(B)*]] [the word limit of Fed. R. App. P. [*insert Rulecitation; e.g., 5(c)(1)*]] because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) [and [*insert applicable Rule citation, if any*]]: Microsoft word Window 10

    ☑ this document contains [*state the number of*] words, or 1570 words

    ☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    ☐ this document has been prepared in a proportionally spaced typeface using [*state name and version of word-processing program*] in [*state font size and name of type style*], or    Roman

    ☐ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

(s) By Melvin-Trent:Walker:El

Attorney for Pro se'

Dated: 12/11/2023

*By: Melvin-Trent:Walker: El*



**FROM:** Melvin T Walker
3915 Union Deposit Rd #426
Harrisburg PA 17109

**TO:** U.S. Court of Appeals
601 Market St.
Philadelphia PA 19106
ZIP+4: 19106

PO ZIP Code: 17106
Scheduled Delivery Date: 12/13/23
Postage: $28.75
Date Accepted: 12/11/23
Scheduled Delivery Time: 6:00 PM
Time Accepted: 5:51 PM
Weight: 6.4 oz
Acceptance Employee Initials: M.M.
Total Postage & Fees: $28.75

U.S.M.S. X-RAY

U.S. Court of Appeals
21400 U.S. Courthouse
601 Market St
Philadelphia PA 19106

RECEIVED DEC 12 2023 USCA 3rd CIR







U.S. POSTAGE PME 2-Day HARRISBURG, DEC 11, 2023 $28.95
R2304W12100 RDC 07 19106